NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the matter of | : | Case No. 07-18134/JHW |
| | | through 07-18136, 07-18138 |
| Bella Vista Associates, LLC, | : | through 07-18151, 07-18153 |
| et al. | | and 07-18154 |
| | : | |
| Debtors | | |
| _____ | : | |
| Ridings at Brandywine Associates, | : | Adversary No. 07-2610 |
| L.P. | | |
| Plaintiff | : | |
| v. | | |
| | : | **OPINION ON MOTION** |
| Citizens Bank | | **TO DISMISS** |
| Defendant | : | |

APPEARANCES:  Aris J. Karalis, Esq.
Maschmeyer Karalis P.C.
413 Route 70 East, Suite 300
Cherry Hill, New Jersey  08034
Counsel for the Debtor

Blair H. Granger, Esq.
1800 East Lancaster Avenue
Paoli, Pennsylvania  19301
Counsel for Citizens Bank

Stephen McNally, Esq.
Chiumento, McNally & Shockley, LLC
Cherry Tree Corporate Center
535 Route 38 East, Suite 360
Cherry Hill, New Jersey  08002
Counsel for Citizens Bank

**FILED**
JAMES J. WALDRON, CLERK

April 24, 2008

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Theresa O'Brien, Judicial
Assistant to Chief Judge Wizmur

Before the court for resolution is the defendant's motion to dismiss the

two count adversary complaint filed by the debtor for failure to state a claim

upon which relief may be granted. The debtor's complaint alleges that the mortgage held by Citizens Bank is "fraudulent and void" under Pennsylvania state law because it was untimely recorded. As a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3), the debtor seeks to avoid the bank's mortgage. Because the two potentially conflicting Pennsylvania recording statutes at issue here may be reconciled to afford the Bank's recorded mortgage priority over a bona fide purchaser under Pennsylvania law, the defendant's motion to dismiss will be granted.

## **FACTS**

On June 24, 2005, Ridings at Brandywine Associates, LP (hereinafter "Ridings" or the "debtor") purchased from Rocco and Carol D'Antonio a parcel of land located in West Brandywine Township, Chester County, Pennsylvania, known as the "Ridings at Brandywine" development (hereinafter the "Project"). The purchase was financed by a mortgage and promissory note, in the original principal amount of $10,625,000, executed by Ridings and granted to Citizens Bank on June 24, 2005. In connection with the sale, Ridings also executed a Construction Loan Agreement and Note in the principal amount of $6,098,256. To secure the loans, Ridings delivered to Citizens Bank an Open End Mortgage and Security Agreement encumbering the Project. Ridings recorded its deed on

June 29, 2005.  Citizens Bank did not record its mortgage until June 7, 2006, almost a full year after the transaction.

One year after Citizens Bank recorded its mortgage, on June 10, 2007, Ridings filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  As of June 30, 2007, approximately six million dollars was due and owing to Citizens Bank on the two loans.

On November 19, 2007, the debtor filed a two count adversary complaint seeking to avoid the mortgage on the Project held by Citizens Bank.  In Count One, the debtor seeks a declaratory judgement declaring Citizens' mortgage to be null and void pursuant to 21 P.S. §§ 351 and/or 444, and reclassifying it as an unsecured claim.  The debtor contends that Pennsylvania state law requires all deeds and mortgages to be filed within 90 days of execution.  If such instruments are not timely filed, they are deemed fraudulent and void as to any subsequent bona fide purchaser and are no longer eligible for recording.  In this case, it is uncontested that Citizens Bank failed to record its mortgage within the 90 day period and in fact did not record it until almost a year later.  In Count Two, the debtor relies upon its hypothetical bona fide purchaser status under 11 U.S.C. § 544(a)(3) in seeking to avoid the bank's mortgage.  The debtor contends that because the mortgage was not timely recorded, it was

void, and therefore cannot serve as constructive notice to subsequent purchasers of the bank's interest.

In response, Citizens Bank filed this motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Citizens Bank contends that the 90 day deadline does not apply where the subsequent purchaser has either actual or constructive knowledge of the prior interest. Because the mortgage was recorded over a year prior to the bankruptcy filing, the debtor is charged with constructive knowledge of the prior interest under Pennsylvania law. Accordingly, Citizens Bank contends that the debtor's hypothetical bona fide purchaser status under section 544(a)(3) does not afford the debtor priority over the bank's recorded mortgage. Alternatively, the defendant contends that the enactment of 21 P.S. § 351 effectively repealed the inconsistent 90 day requirement contained in § 444.

**DISCUSSION**

To resolve the defendant's Rule 12(b)(6) motion, the court must accept all of the facts pleaded in the complaint as true, and draw all reasonable

---

[1] Rule 12(b)(6) of the Federal Rules of Civil Procedure is applicable to adversary proceedings pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

inferences in plaintiff's favor.[2]  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509, 168 L.Ed.2d 179 (2007); Pressley v. Johnson, No. 07-4193, 2008 WL 634177, *1 (3d Cir. Mar. 10, 2008); Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000), cert. denied, 532 U.S. 1038, 121 S. Ct. 2000, 149 L.Ed.2d 1003 (2001).  The essence of a 12(b)(6) motion "is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).

Here the dispute is not over the facts, which are undisputed.  Instead, the focus is on the interplay between 21 P.S. § 444 ("All deeds made in the state to be acknowledged and recorded within ninety days") and 21 P.S. § 351 ("Failure to record conveyance"), and the proper application of those two statutes to the circumstances presented here.  In this case, the plaintiff, as a debtor-in-possession,[3] has the status of a hypothetical bona fide purchaser for value at the commencement of the case.  11 U.S.C. § 544(a)(3).[4]  The scope of

---

[2]    Rule 12(b)(6) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:  . . . (6) failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).

[3]    Under 11 U.S.C. § 1107(a), "[A] debtor-in-possession shall have all the rights . . . of a trustee serving in a case under this chapter."

[4]    Section 544(a)(3) provides:

(a)  The trustee shall have, as of the commencement of the case,

the debtor's avoidance power as a bona fide purchaser "is governed entirely by the substantive law of the state in which the property in question is located as of the bankruptcy petition's filing," in this case, the Commonwealth of Pennsylvania. In re Bridge, 18 F.3d 195, 200 (3d Cir. 1994). The question becomes how such a bona fide purchaser would fare under Pennsylvania law vis-a-vis the Citizens Bank mortgage under these facts.

The Pennsylvania state recording statutes were enacted to provide public notice of the person or entity who holds title to property and to protect the interests of subsequent bona fide purchasers from the existence of secret liens. See United States v. Jacono, No. C.A. 04-3478, 2006 WL 560142, *4 (E.D.Pa. Mar. 3, 2006), aff'd, 244 Fed.Appx. 416 (3d Cir. 2007); Mancine v. Concord-Liberty Sav. & Loan Ass'n, 445 A.2d 744, 746 (Pa. Super. Ct. 1982);

---

and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--

. . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

Poffenberger v. Goldstein, 776 A.2d 1037, 1042 (Pa. Commw. 2001); Land v. Commonwealth of Pennsylvania, Pa. Housing Finance Agency, 515 A.2d 1024, 1026 (Pa. Commw. 1986).

Despite its caption pertaining to deeds ("All deeds made in the state to be acknowledged and recorded within ninety days"), 21 P.S. § 444 applies to all conveyances, including mortgages. Hopkins v. Albee York Homes, Inc., 42 Pa. D. & C.2d 211, 212 (Cmn Pleas 1967). Section 444 is the source of the 90 day rule being challenged here. The current statute provides in relevant part that:

> All deeds and conveyances, which, from and after the passage of this act, shall be made and executed within this commonwealth of or concerning any lands, tenements or hereditaments in this commonwealth, or whereby the title to the same may be in any way affected in law or equity, shall be acknowledged by the grantor, or grantors, bargainor or bargainors, . . . , and shall be recorded in the office for the recording of deeds where such lands, tenements or hereditaments are lying and being, within ninety days after the execution of such deeds or conveyance, and every such deed and conveyance that shall at any time after the passage of this act be made and executed in this commonwealth, and which shall not be proved and recorded as aforesaid, shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee for a valid consideration, or any creditor of the grantor or bargainor in said deed of conveyance.

21 P.S. § 444. On its face, section 444 requires that all conveyances, read here to include mortgages, "be recorded . . . within ninety days after the execution" of the mortgage. If the mortgage is not "recorded as aforesaid, [it] shall be

-7-

adjudged fraudulent and void against any subsequent purchaser."

The history of section 444 provides a useful background for this discussion. Section 444 was first enacted in March of 1775, and subsequently amended in 1893 and 1955[5]. As is significant here, the 1775 version of section 444 required that all deeds and conveyances be recorded within six months of execution. If the conveyance was not recorded, it was considered fraudulent and void as to subsequent purchasers, "'unless such deed or conveyance be recorded as aforesaid, before the proving and recording of the deed or conveyance under which such subsequent purchaser or mortgagee shall claim.'" Southwestern Nat. Bank v. Riegner, 140 A. 615, 616-17 (Pa. 1928) (quoting the 1775 statute). In other words, even if the conveyance or mortgage was not timely recorded, the instrument would be valid against a subsequent purchaser as long as the instrument was recorded before the subsequent deed or mortgage. This statutory caveat to the required time frame for recording such instruments is sometimes referred to as the "savings clause".

In Fries v. Null, 26 A. 554 (Pa. 1893), the Pennsylvania Supreme Court

---

[5] The 1955 amendment repealed the act to the extent that it was inconsistent with the enactment of 21 P.S. §§ 329, 330, which regulated the recording of instruments in the City of Philadelphia. It has no impact on the decision herein.

applied the statute to clarify that even if a mortgage is not recorded within six months of execution, a subsequent purchaser takes the property free of the mortgage only if that purchaser recorded a deed prior to the recordation of the mortgage.[6]  In Fries, Francis Null delivered a mortgage to his mother, Hester Null.  Four days later, he executed a deed conveying the same property to Jesse Fries.  Hester recorded her mortgage six months and two days later.  Fries recorded his deed one day after Hester recorded her mortgage, but within the statutory six month period.  In affording priority to Hester's first recorded mortgage, the Pennsylvania Supreme Court reviewed the statute and concluded that there was "but one reading of this language.  The penalty of postponement is not incurred if (1) either the mortgage is recorded at any time within six months from its execution, or (2) if it is actually recorded before the deed is recorded."  Id. at 556.  Citing to several Pennsylvania cases, the court reiterated that "'[t]he plain teaching of the act is that, in order to be first in right against a prior purchaser's deed, the subsequent purchaser must be first in time on the record.'"  Id. at 579 (quoting Pennsylvania Salt Mfg. Co. v. Neel, 54 Pa. 9, 1867 WL 7411, *9 (1866)).  Fries complied with the law by recording his interest within the statutory period, while Hester failed to record her interest inside of the six month time period.  Nevertheless, the court found in

---

[6] The Pennsylvania Supreme Court reaffirmed its decision five months later in Fries v. Null, 27 A. 867 (Pa. 1893).

favor of Hester because she recorded her interest first.  See also Collins v. Aaron, 29 A. 724 (Pa. 1894) (Where neither deed is recorded within 6 months, the first to record takes priority).

Shortly after the Fries decision in 1893, the statute was amended to reduce the six month period for recording to 90 days.  As well, the "savings clause" was deleted from the statue.  The impact of the deletion of the "savings clause" was analyzed by the Pennsylvania Supreme Court in Smith v. Young, 103 A. 63 (Pa. 1918).  In that case, the owner of certain real property entered into an agreement to sell it on December 7, 1916.  The purchaser executed a separate agreement four days later to resell it to the defendant, J. George Young.  These two agreements were recorded 105 days later, on March 26, 1917.  In the interim, on January 15, 1917, the original owners entered into a second agreement to sell the same property to the plaintiff, Charles Smith.  The owners executed a deed to Smith on February 26, 1917, and it was recorded 56 days later on April 23, 1917.  The Pennsylvania Supreme Court noted that the statute was amended shortly after, and apparently in response to, the decision in Fries v. Null.  The court concluded that "[t]he law was carefully and deliberately changed by the act of 1893, and, as it now stands, deeds and conveyances made and executed within this commonwealth are required to be recorded within 90 days after execution, and every such deed or conveyance

not recorded within that time is fraudulent and void as to subsequent purchasers or mortgagees." Id. at 64.  Even though the Young agreement was recorded first, because it was recorded outside of 90 days, the court concluded that the agreement was void.  Id.  The judgment in favor of Smith, whose instrument was recorded within 90 days, was affirmed.  See also Southwestern Nat. Bank v. Riegner, 140 A. 615, 616-17 (Pa. 1928) (following Smith).

This same statutory language remains unchanged today.  Were this statute our only guide, we would readily conclude that the mortgage held by Citizens Bank, recorded one year after execution, must be adjudged fraudulent and void as to a subsequent purchaser.  The complication is the enactment of 21 P.S. § 351 in May 1925.  Section 351 purports to govern the same recording requirements for deeds and mortgages as section 444, albeit without the 90 day restriction and with the reenactment of the savings clause.  Section 351 provides that:

> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any

> subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice <u>unless</u> such deed, conveyance, contract, or instrument of writing <u>shall be recorded, as aforesaid, before the recording of the deed or conveyance</u> or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

21 P.S. § 351 (emphasis added). By including a savings provision which gives priority to the instrument that is filed first, section 351 effectively returned the law to the pre-1893 amendment version of section 444. <u>In re Natale</u>, 237 B.R. 865, 870 (Bankr. E.D.Pa. 1999).[7]

The commentary to Title 21 of Purdon's Statutes, published in 1955, analyzes the interaction between sections 444 and 351 as follows:

---

[7]     Accompanying section 351 is a note explaining that the act was intended to repeal any other inconsistent acts or portions of acts. <u>United States v. Purcell</u>, 798 F. Supp. 1102, 1115 n.6 (E.D.Pa. 1991), <u>aff'd</u>, 972 F.2d 1334 (3d Cir. 1992). The bank contends that this provision serves to repeal and replace section 444. There is, however, no explicit expression in the statutory language or in the legislative note identifying section 444 as one of the sections that the act was intended to repeal, and both section 351 and 444 cross-reference each other, implying that section 444 was not repealed. As well, Pennsylvania cases have impliedly held that section 444 was not repealed by noting that sections 351 and 444 must be read together. <u>See</u>, <u>e.g.</u>, <u>See Roberts v. Estate of Pursley</u>, 718 A.2d 837, 841 (Pa. Super. 1998), <u>appeal denied</u>, 740 A.2d 234 (Pa. 1999) ("we adopt the theory that sections 351 and 444 of Title 21 must be read together") (citing <u>Miners Nat'l Bank of Wilkes-Barre v. Kuhns</u>, 32 Luz. L.Reg. Rep. 185 (1937)).

    3.    **Time of Recording**. Prior to 1926 the time within which deeds were required to be recorded (except in Philadelphia) was ninety days after execution, if executed within the State, and six months if outside the State. This meant that a deed recorded within the designated period took priority over a deeds previously executed and delivered but not recorded within its own statutory period, even though recorded before the recording of the later deed. In Philadelphia there was no grace period, and consequently deed took priority solely on the basis of first recording. As of January 1, 1926 the Philadelphia rule was extended throughout the State, so that since then the validity of all deeds executed within the State depends, as against bona fide purchasers, etc. without notice, upon the chronological priority of recording.

P. Nicholson Wood, "Deeds of Conveyance in Pennsylvania," Commentary to 21 P.S. (Purdon's 1955) (Footnotes omitted).[8] While the commentary does not have the force of law, it does provide support for the proposition that "the later recording statute modified the existing recording statute to convert Pennsylvania to a 'race notice' system where the validity of deeds depends upon notice and the chronological priority of recording." United States v. Purcell, 798 F.Supp. 1102, 1116 n.6 (E.D.Pa. 1991). The return to a race notice system upon the enactment of section 351 was also noted by the Third Circuit as follows: "Pennsylvania law gives subsequent purchasers of real property priority over the rights of prior purchasers if the subsequent purchasers are bona fide purchasers for value without notice. Record notice defeats the claims

---

    [8]    This Special Article was published in the 1955 Edition of Purdon's Penna. Statutes Ann. as commentary to Title 21, but it is not included as part of the current 2001 hard bound edition.

of a subsequent purchaser." McCannon v. Marston, 679 F.2d 13, 15 (3d Cir. 1982). Applying this reading of the two statutes here prompts the conclusion that the Citizens Bank mortgage, recorded before the debtor gained bona fide purchaser status at the time of the bankruptcy filing, has priority over the debtor's claim.

The debtor contends that because the bank's mortgage was not recorded within the 90-day period specified in section 444, the mortgage must be adjudged fraudulent and void, and cannot serve as constructive notice of the bank's interest even after it is recorded. This position is not supported in Pennsylvania case law. Many Pennsylvania cases have found an implicit exception to the section 444 consequence of adjudging an instrument that was not timely recorded to be fraudulent and void, where the purchaser has actual or constructive notice of the interest at the time of the purchase. In Smith v. Miller, 145 A. 901 (Pa. 1929), the attention of the Pennsylvania Supreme Court was focused upon the amended 1893 version of section 444,[9] from which the savings clause, offering protection to instruments that were first recorded from subsequent purchasers, had been deleted. Nevertheless, the court recognized that "the statute does not apply where the subsequent purchaser, at the time

---

[9] Section 444 is cited as "Section 1 of the Act of March 18, 1775, 1 Smith's Laws, P.422, as amended by Section 4 of the Act of May 19, 1893, PL 108 (PA.St. 1020, Section 8822).

he acquired title, had either actual or constructive notice of title in the prior purchaser . . . [S]uch notices, if sufficient, would exclude the operation of the statute. " Id. at 903 (Citations omitted).[10]  See also Overly v. Hixson, 82 A.2d 573, 575 (Pa. Super. Ct. 1951) ("The applicable recording Act . . . required deeds to be recorded within ninety days of their execution dates and provided that if not so recorded they would be adjudged fraudulent and void against subsequent purchasers for a valid consideration.  But it was also the law under the statute, as it has been under all our recording Acts, that subsequent purchasers who had actual or constructive notice of unrecorded deeds were not protected."); Commonwealth of Pennsylvania, Pa. Games Com'n v. Ulrich, 565 A.2d 859 (Pa. Commw. 1989) (citing to 21 P.S. § 444, the court declared that Pennsylvania recording laws do not render invalid an unrecorded interest in land).

Notwithstanding substantial support for a reading of sections 351 and 444 that affords priority to recorded deeds or mortgages, even if such mortgages were recorded after 90 days, several federal district courts have held that section 444 compels the conclusion that the failure to record the mortgage

---

[10]   In Smith v. Miller, the court adjudged that a deed that was not recorded within 90 days of the passage of the 1893 Act, and was not recorded before the defendant acquired title to the property through a sheriff's sale, was adjudged to be fraudulent and void because the plaintiff failed to prove that the defendant had actual or constructive notice of title.

within the 90 day time period renders the mortgage void.  In re Fisher, 320 B.R. 52, 65 (E.D.Pa. 2005) ("[T]he Mortgage was fraudulent and void because its recordation [outside the 90 day period] violated the clear mandate of 21 P.S. § 444"); United States v. Craig, 936 F. Supp. 298 (E.D.Pa. 1996) (deed recorded 9 months after execution was void as against tax assessments); Raimo v. United States, No. Civ. A. No. 87-6135, 1987 WL 28361 (E.D.Pa. Dec. 21, 1987) (deed recorded 3 years later was void as to intervening tax assessments). Those cases, however, make no attempt to address the impact of subsequently enacted 21 P.S. § 351, or the Pennsylvania cases cited above, and are not precedential on the application of sections 351 and 444 to these facts. Threadgill v. Armstrong World Industries, Inc., 928 F.2d 1366, 1371 (3d Cir. 1991).  The debtor's reliance on these cases is not persuasive.

In another case relied upon by the debtor, United States v. Jacono, No. C.A. 04-3478, 2006 WL 560142, *4 (E.D.Pa. Mar. 3, 2006), the district court determined that a deed was void as against a recorded mortgage where it was executed prior to the mortgage but not recorded until after the mortgage.  The court found that there was insufficient evidence that the mortgagee had constructive notice of the deed at the time the mortgage was entered into.  The implication of the court's discussion about constructive notice was that even though the deed was not recorded within 90 days, if sufficient evidence of

constructive notice had been presented, the unrecorded deed would have been validated and prioritized against the subsequent mortgage. On appeal, the judgment of the district court was affirmed. The Court of Appeals agreed that the holder of the unrecorded deed failed to establish a sufficient factual basis to impose actual or constructive notice upon the mortgagee of the deed. 244 Fed.Appx. 416, 419 (3d Cir. 2007). The Jacono case does not support the debtor's position. Rather, its holding is consistent with the conclusion reached here that because the debtor had constructive notice of the bank's recorded mortgage when it gained bona fide purchaser status, the debtor may not obtain priority over the mortgage under Pennsylvania law.

I conclude that the recorded mortgage of Citizens Bank may not be avoided on the grounds cited by the debtor. Defendant's motion to dismiss is granted. Counsel will submit an order in conformance with the above opinion.

Dated: April 24, 2008

_____
JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT